NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FEB 22 2022

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 21-50053 |
| Plaintiff-Appellee, | D.C. No. 2:20-cr-00201-SVW-1 |
| v. | |
| ANTONIO MARIOT WILSON, AKA Brice Carrington, AKA Tony Mariot, Dr., | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Central District of California
Stephen V. Wilson, District Judge, Presiding

Submitted February 15, 2022**

Before: FERNANDEZ, TASHIMA, and FRIEDLAND, Circuit Judges.

Antonio Mariot Wilson appeals from the district court's judgment and

challenges the eight-year sentence imposed following his guilty-plea conviction for

wire fraud, in violation of 18 U.S.C. § 1343. We have jurisdiction under 28 U.S.C.

§ 1291, and we affirm.

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

Wilson first contends that the district court erred by failing to provide notice under Federal Rule of Criminal Procedure 32(h) of its intent to depart upwards. The record makes clear that the district court varied upward from the Guidelines range under 18 U.S.C. § 3553(a). Therefore, it was not required to give notice under Rule 32(h). *See Irizarry v. United States*, 553 U.S. 708, 714 (2008).

Wilson next claims that the district court failed to (1) explain his above-Guidelines sentence adequately; or (2) give meaningful consideration to the Guidelines. We review for plain error, *see United States v. Valencia-Barragan*, 608 F.3d 1103, 1108 (9th Cir. 2010), and conclude that there is none. The court acknowledged the applicable Guidelines range and sufficiently explained why a sentence well above that range was warranted, relying in particular on Wilson's prior wire fraud conviction and sentence, which had failed to deter him, as well as the circumstances of the instant offense and Wilson's continued deceit during the presentence investigation. *See United States v. Carty*, 520 F.3d 984, 992 (9th Cir. 2008) (en banc).

Wilson finally contends that the sentence is substantively unreasonable. The court did not abuse its discretion in imposing the eight-year sentence, which is substantively reasonable in light of the § 3553(a) sentencing factors and the totality of the circumstances. *See Gall v. United States*, 552 U.S. 38, 51 (2007).

**AFFIRMED.**